1    BENJAMIN B. WAGNER
     United States Attorney
2    KIMBERLY A. SANCHEZ
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone: (559) 497-4000
     Facsimile:  (559) 497-4099
5

6    Attorneys for Plaintiff
     United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              CASE NO.  1:15-CR-00059 LJO

12                    Plaintiff,            MEMORANDUM OF PLEA AGREEMENT
                                            PURSUANT TO RULE 11(C) OF THE FEDERAL
13              v.                          RULES OF CRIMINAL PROCEDURE

14   MICHAEL JOHNSON,                       DATE: TO BE DETERMINED.
                                            TIME: TO BE DETERMINED.
15                    Defendant.            COURT: 4, HON. LAWRENCE J. O'NEILL

16

17          Pursuant to Rule ll(c) of the Federal Rules of Criminal Procedure, the United States of America, by

18   and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and

19   Assistant United States Attorney Kimberly A. Sanchez, and Defendant, Michael Johnson, and his attorney,

20   Janet Bateman, have agreed as follows:

21          **1. Charges.**

22          The defendant acknowledges that he has been charged in an indictment as follows:

23          COUNT 1:     18 U.S.C. §922(g)(1) -- Felon in Possession of a Firearm;

24          **2. Nature, Elements and Possible Defenses.**

25          The defendant has read the charge against him contained in the indictment and that charge has been

26   fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of

27   the crimes in Count One of the indictment to which he is pleading guilty, together with the possible defenses

28   thereto, and has discussed them with his attorney.

     Plea Agreement                              1

COUNT 1 -- Felon in Possession of a Firearm:

The elements of the crime of felon in possession of a firearm are:

First, that the defendant knowingly possessed a firearm;

Second, that the defendant had a prior conviction punishable by more than a year imprisonment; and

Third, that the firearm was shipped and transported in interstate commerce.

**3. Agreements by the Defendant.**

(a)     Defendant agrees that this plea agreement shall be filed with the court and become a part of the record of the case.

(b)     Defendant agrees to enter a plea of guilty to Count 1 of the indictment which charge him with being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

(c)     Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty.  Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

(d)     Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(e) Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, sentence and conviction.  The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed.  Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255, 28 U.S.C. § 2241, or 18 U.S.C. §3742, or otherwise.

Plea Agreement

If the defendant's conviction on the counts to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the following rights : (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(f)     Defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(g) Forfeiture: Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 924(d). Those assets include, but are not limited to, the following: a Glock, Model 27, caliber .40 handgun, and all ammunition seized in this case.

Defendant agrees that the above-listed asset was involved in the commission of a violation of 18 U.S.C. § 922(g).

Defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. Defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed asset.

Defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. Defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant waives oral pronouncement of forfeiture at the time of sentencing and any defects in such pronouncement that pertain to forfeiture, and waives any defenses to forfeiture, including any defense

Plea Agreement                                          3

predicated on the Ex Post Facto, Double Jeopardy, and Excessive Fines Clauses of the United States Constitution. The defendant knowingly and voluntarily waives any right to a jury trial in any criminal or civil forfeiture proceeding.

(h) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

(i) If it is determined that the defendant has violated any provision of this Plea Agreement or if the defendant successfully moves to withdraw plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

(j) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220 (2005), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the

Plea Agreement                                                    4

Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

**4. Agreements by the Government.**

(a)    If the United States Probation Office determines that a three-level reduction in defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

Recommendations

(b)    The government agrees to recommend that the defendant be sentenced within the sentencing guideline range.

(c)    The government agrees not to recommend that the defendant's offense level be increased by 4-levels for possessing the firearm in connection with another felony offense pursuant to USSG § 2K2.1(b)(6)(B).

(d)    The defendant acknowledges and understands that the government makes no other representations to him regarding fines, whether any other specific offense characteristics apply to his conduct his criminal history or criminal history points under Chapter Four or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines apply and defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding those matters.

**5.    Factual Basis.**

Defendant will plead guilty because he is in fact guilty of the crime set forth in Count 1 of the Indictment.  Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:        JB

On February 19, 2015 at approximately 8:00 a.m., the defendant was in possession of a .40 caliber Glock pistol. On February 19, an officer contacted the defendant, who was slouched down in the driver's seat of his car with an envelope covering the rear license plate, and that was parked in a neighborhood near Whitney and Prestwick in Fresno, California, an area that had been getting hit extensively with car and

Plea Agreement                                    5

garage burglaries. The defendant was looking around nervously, and said that he was waiting to go through recycling bins. The officer looked around the street and saw no trash or recycling bins at the curb. The defendant provided the officer with a name that he later found out was false. The officer asked dispatch to run the name. Dispatch came back and asked the officer if he was clear. The officer knew that to mean that the person had warrants. Backup had not arrived, so the officer told dispatch he was not clear. He attempted to detain the defendant, who made a dropping motion with his left hand and then ran for a very short distance before the officer caught him. The officer found a holster on the defendant's left side. Backup had arrived, and the officer advised a backup officer of the holster and dropping motion. The other officer found a loaded Glock, .40 caliber handgun where the defendant had made the dropping motion. The gun fit in the holster.

Officers searched the car. They found a substantial amount of property and identifications that had been taken in vehicle and residential burglaries spanning since at least before Thanksgiving 2014 through the early morning of the same day.

The defendant has prior felony convictions punishable by more than a year imprisonment. The firearm was manufactured outside of CA.

### 6.    Potential Sentence.

The following is the maximum potential sentence which defendant faces:

COUNT 1:

(a)  Imprisonment.

Minimum: None.

Maximum: Ten years imprisonment.

(b)  Fine.

Maximum: $250,000

(c)  Both such fine and imprisonment.

(d)  Term of Supervised Release:

Minimum: None.

Maximum: 3 years.

(Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the period of supervised release actually imposed by the Court or two years, whichever is less.)

(e)    Penalty Assessment.

Mandatory: One Hundred dollars ($100.00).

### 7.  Waiver of Rights.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)    If defendant persisted in a plea of not guilty to the charges against him, he would have the

right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)    If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

**8. Questions by Court.**

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against

Plea Agreement                                         7

him in a prosecution for perjury.

9. **Entire Agreement.**

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10. **Court not a Party.**

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11. **Presentence Report.**

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

Dated: 9-8-15

BENJAMIN B. WAGNER
United States Attorney

_____
KIMBERLY A. SANCHEZ
Assistant United States Attorney

9/14/15

_____
MICHAEL JOHNSON
Defendant

9/4/15

_____
JANET BATEMAN
Attorney for Defendant

Plea Agreement

8